UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMIAS MUNOZ, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>-against-<br><br>ME LIQUORS CORP (d/b/a "Me Liquors"), COOL JAZZ FURNITURE, INC., 1800 FURNISH INC., MIGUEL JORGE, and MELISSA ESTEVEZ,<br><br>                    Defendants. | Case No.    22-cv-7209<br><br>**COMPLAINT** |

Plaintiff, JEREMIAS MUNOZ ("Plaintiff"), by and through her undersigned attorneys,

Sacco & Fillas LLP, files this Complaint against Defendants, ME LIQUORS CORP, COOL JAZZ

FURNITURE, INC., 1800 FURNISH INC., MIGUEL JORGE, and MELISSA ESTEVEZ

(collectively, "Defendants"), and any other business doing business as "Me Liquors" or a liquor

store located at 245 STANLEY AVENUE, BROOKLYN, NY, UNITED STATES, 11207, and

states as follows:

1. **NATURE OF THE ACTION**

    1.    This action is brought to recover unpaid minimum and overtime wages, unpaid

spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et

seq. ("FLSA"), and New York Labor Law § 190, et seq. ("NYLL").

    2.    Defendants failed to compensate Plaintiff and other non-exempt workers at the

statutory minimum wage rate required by the FLSA and the NYLL for all hours worked.

    3.    Defendants regularly required non-exempt workers to work more than forty hours

per week and paid them at rates that failed to compensate them for overtime pay of time and one

and one half (1½) times their regular wage rate for hours worked over forty per workweek, as

required by the FLSA and NYLL.

4.      Defendants also failed to pay Plaintiff and other non-exempt workers spread-of-hours pay and provide them with wage notices or wage statements, in violation of NYLL and the New York Wage Theft Prevention Act ("WTPA").

## 2. JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## 3. PARTIES

### 3.1. PLAINTIFF - JEREMIAS MUNOZ

7.      Plaintiff JEREMIAS MUNOZ is an adult resident of Kings County, New York.

8.      Plaintiff worked as a liquor store worker who performed several tasks including but not limited to inventory, securing the business from threats, stocking shelves, cleaning, taking out the trash, and decorating.

9.      Plaintiff was also required to move furniture or a bed.

10.     Plaintiff was employed by Defendants.

11.     Throughout the employment period, JEREMIAS MUNOZ was an employee engaged in interstate commerce or in the production of goods for interstate commerce.

### 3.2. DEFENDANT - ME LIQUORS CORP (d/b/a "Me Liquors")

12.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") is a domestic business corporation that owns, operates, and does business as "Me Liquors," a liquor store located at 245 Stanley Avenue, Brooklyn, New York 11207.

13.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") maintains a principal place of business at 245 Stanley Avenue, Brooklyn, New York 11207.

14.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors")'s hours of operation are from 10:00 AM to approximately 8:00 to 9:00 PM six days per week and on Sundays from approximately 11:00 AM to approximately 7:00 to 8:00 PM.

15.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") had approximately four employees.

16.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") is in business at the time of this filing.

17.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") maintains locations of business other than at 245 Stanley Avenue, Brooklyn, New York 11207.

18.     Within the three years prior to the filing of this Complaint, ME LIQUORS CORP (d/b/a "Me Liquors") had an annual gross volume of sales in excess of $500,000

19.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") sells liquor and wine.

22.     Defendant ME LIQUORS CORP (d/b/a "Me Liquors") was, at all times, Plaintiff's employer under the FLSA and NYLL.

### 3.3. DEFENDANT - COOL JAZZ FURNITURE, INC

23.     20.     Within the three years prior to the filing of this Complaint, COOL JAZZ FURNITURE, INC had an annual gross volume of sales in excess of $500,000

24.     Defendant COOL JAZZ FURNITURE, INC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

25.     Defendant COOL JAZZ FURNITURE, INC maintains a principal place of business at 2138 E TREMONT AVENUE, BRONX, NY, UNITED STATES, 10462.

26.     Defendant COOL JAZZ FURNITURE, INC was, at all times, Plaintiff's employer under the FLSA and NYLL.

### 3.4. DEFENDNAT - 1800 FURNISH INC

27.     20.     Within the three years prior to the filing of this Complaint, 1800 FURNISH INC had an annual gross volume of sales in excess of $500,000

28.     Defendant 1800 FURNISH INC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

29.     Defendant 1800 FURNISH INC maintains a principal place of business at 303 125th Street, College Point, New York 11356.

30.     Defendant 1800 FURNISH INC maintains a principal executive office address at 303 125th Street, College Point, New York 11356.

31.     Defendant 1800 FURNISH INC was, at all times, Plaintiff's employer under the FLSA and NYLL.

### 3.5. DEFENDANT - MIGUEL JORGE

32.     Defendant MIGUEL JORGE owns 1800 FURNISH INC.

33.     Defendant MIGUEL JORGE owns COOL JAZZ FURNITURE, INC.

34.     Defendant MIGUEL JORGE owns ME LIQUORS CORP (d/b/a "Me Liquors").

35.     Defendant MIGUEL JORGE owns a mattress and/or furniture company which moves furniture.

36.     Defendant MIGUEL JORGE hired Plaintiff.

37.     Defendant MIGUEL JORGE supervised Plaintiff personally.

38.     Defendant MIGUEL JORGE supervised Plaintiff through surveillance cameras.

39.     Defendant MIGUEL JORGE set Plaintiff's work hours and schedules.

40.     Defendant MIGUEL JORGE paid Plaintiff when Plaintiff was paid.

41.     Upon Plaintiff's departure from employment, Defendant MIGUEL JORGE received the keys for the business.

42.     Defendant MIGUEL JORGE had power to fire employees.

43.     Defendant MIGUEL JORGE had power to fire Plaintiff.

44.     Defendant MIGUEL JORGE is the service of process agent for Defendant COOL JAZZ FURNITURE INC.

45.     Upon information and belief, Defendant MIGUEL JORGE exercised sufficient control over Defendant COOL JAZZ FURNITURE INC's operations to be considered Plaintiff' employer under the FLSA and the NYLL.

46.     Upon information and belief, Defendant MIGUEL JORGE exercised sufficient control over Defendant 1800 FURNISH INC's operations to be considered Plaintiff' employer under the FLSA and the NYLL.

47.     Defendant MIGUEL JORGE exercised sufficient control over Defendant ME LIQUORS CORP's operations to be considered Plaintiff' employer under the FLSA and the NYLL.

48.     The individual Defendant, MIGUEL JORGE exercised control over the terms and conditions of employees' employment, including Plaintiff's, in that Defendant MIGUEL JORGE had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

49.     Defendant MIGUEL JORGE was, at all times, Plaintiff's employer under the FLSA and NYLL.

### 3.6. DEFENDANT - MELISSA ESTEVEZ

50.     Defendant MELISSA ESTEVEZ is the principal on the liquor license for ME LIQUORS CORP (d/b/a "Me Liquors").

51.     Defendant MELISSA ESTEVEZ is the wife of Defendant MIGUEL JORGE.

52.     Defendant MELISSA ESTEVEZ supervised Plaintiff.

53.     Defendant MELISSA ESTEVEZ is the Chief Executive of Defendant 1800 FURNISH INC.

54.     Defendant MELISSA ESTEVEZ is the service of process agent for Defendant 1800 FURNISH INC.

55.     Upon information and belief, Defendant MELISSA ESTEVEZ had power to hire employees including Plaintiff.

56.     Upon information and belief, Defendant MELISSA ESTEVEZ had power to fire employees, including Plaintiff.

57.     The individual Defendant, MELISSA ESTEVEZ exercised control over the terms and conditions of employees' employment, including Plaintiff's, in that Defendant MELISSA ESTEVEZ had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

58.     Defendant MELISSA ESTEVEZ was, at all times, Plaintiff's employer under the FLSA and NYLL.

4.  **FACTUAL ALLEGATIONS**

59.    Plaintiff was employed by Defendants from approximately August 2021 until approximately August 2022.

60.    Plaintiff's actual rate of pay was approximately $275 every other week.

61.    Defendant MIGUEL JORGE told Plaintiff that Plaintiff was supposed to receive $700 bi-weekly pay, but was not, in fact, paid that amount.

62.    Defendant MIGUEL JORGE kept all tips that would have been received by Plaintiff.

63.    Plaintiff spent more than 20% or two hours of each shift doing non-tipped work.

64.    Plaintiff earned approximately $100 per week in tips but was not given those tips.

65.    Defendant MIGUEL JORGE kept the tips.

66.    Plaintiff was not given tips from the tip jar.

67.    Plaintiff was paid every other week, if at all.

68.    Plaintiff was not paid overtime at a rate of one and ½ for the hours worked over 40 per week.

69.    Plaintiff was not paid an extra hour for working 2 shifts in one day or for working more than 10 hours in one day.

70.    Plaintiff worked seven days per week.

71.    Plaintiff worked approximately 74.5 hours per week.

72.    Seven days per week, Plaintiff worked shifts that lasted more than ten hours.

73.    Plaintiff was paid in cash.

74.    Defendants did not keep accurate records of the number of hours Plaintiff worked each day.

75. Defendants did not keep accurate records of the number of hours Plaintiff worked each week.

76. Defendants did not keep accurate records of the time of Plaintiff's arrival for each shift.

77. Defendants did not keep accurate records of the time of Plaintiff's departure for each shift.

78. Defendants did not keep accurate records of the regular wages earned.

79. Defendants did not keep accurate records of the overtime wages Plaintiff earned.

80. Defendants did not keep accurate records of the tip credits claimed as part of Plaintiff's wage.

81. Defendants did not keep accurate records of meals and lodging credits, if any.

82. Plaintiff was not given a notice of pay rate with all required information under NYLL 195(1).

83. Plaintiff was not given a wage statement or pay stub as required under NYLL 195(3).

84. Plaintiff was not given uninterrupted thirty-minute meal periods.

85. Plaintiff was not given a day of rest.

86. Plaintiff was not given a termination notice.

87. Plaintiff was not given an accurate W2.

88. In New York, a liquor license grants the owner or possessor of the premises control over the food and beverage. N. Y. Alco. Bev. Cont. Law. § 106(1). These facts are sufficient to establish the right and ability to supervise employees.

89. The rules and regulations associated with the liquor licensing process inherently create a collaborative relationship between the business and the principal officer's authority to provide a service as it relates to food and beverage.

90. An individual's name listed as a principal on a liquor license suggests a general ability to supervise the establishment's operations and enjoy its profits.

91. An individual's name listed as a principal on a liquor license also suggests that principal keeps and maintains adequate records of all transactions involving the business transacted by such licensee which shall show the amount of alcoholic beverages, in gallons, purchased by such licensee together with the names, license numbers and places of business of the persons from whom the same were purchased, the amount involved in such purchases, as well as the sales of alcoholic beverages made by such licensee.

92. According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is responsible for the activities of employees and patrons in all parts of the licensed premises, even if not always physically present.

93. According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee must keep adequate books and records of all transactions involving the licensed business, including records concerning employees, whether full or part time.

94. According to the New York State Liquor Authority Handbook for Retail Licenses, the licensee is subject to disciplinary action whether he, or an employee, served a visibly intoxicated person or minor, and accordingly is recommended to train employees concerning service of alcohol.

95. In applying to hold a liquor license, the applicant must confirm the location of where alcohol is stored.

96. The liquor license holder has a direct or indirect economic interest in the establishment.

97. The liquor license principal must supervise employees in the sale of liquor, which included here, the supervision of Plaintiff.

98.     The liquor license principal must follow all rules established in the New York Liquor License law.

**5.   <u>COLLECTIVE ACTION ALLEGATIONS</u>**

99.     Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated waitstaff who are or were employed at Roberto's since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

100.    The FLSA Collective consists of approximately thirty similarly situated workers, bussers, and bartenders (i.e., waitstaff) who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum wages, overtime wages, and other monies.

101.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, inter alia, the following:

    a.   failing to pay the FLSA Collective the statutory minimum wage for all hours worked;

    b.   failing to pay the FLSA Collective overtime wages at one and one-half times their regular hourly wage rates for all hours worked over forty per workweek;

    c.   failing to provide adequate tip credit notice to members of the FLSA Collective per the FLSA and NYLL;

102.    redistributing portions of the tips earned by members of the FLSA Collective to managerial employees; and

103.    failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA and NYLL.

104.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

105.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to Plaintiff and the FLSA Collective.

106.     The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

### 6.  <u>FIRST CLAIM - Fair Labor Standards Act - Unpaid Overtime</u>

107.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

108.     Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et seq.

109.     Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

110.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

111.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### 7.  <u>SECOND CLAIM - New York Labor Law - Unpaid Overtime</u>

112.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

113.     Under the NYLL and supporting New York State Department of Labor ("NY DOL") regulations, Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rates for all hours worked in excess of forty.

114.     Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the NYLL.

115.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay overtime wages.

116.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**8.   THIRD CLAIM - New York Labor Law - Failure to Provide Wage Notices**

117.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

118.     The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

119.     Defendants failed to furnish to Plaintiff whenever there was a change to her rate of pay a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

120.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

9. **FOURTH CLAIM - New York Labor Law - Failure to Provide Accurate Wage Statements**

121.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

122.     The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

123.     Defendants failed to furnish to Plaintiff, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

124.     Due to Defendants' violation of the NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

10. **FIFTH CLAIM - New York Labor Law - Spread-of-Hours Pay**

125.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

126.     Defendants have willfully failed to pay Plaintiff and other members of the collective additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

127.     By Defendants' failure to pay Plaintiff and other workers spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

128.     Due to Defendants' willful violations of the NYLL, Plaintiff and workers that opt-in to this action are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

**11.  SIXTH CLAIM - New York Labor Law - Misappropriation of Gratuities**

129.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

130.     Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the other non-exempt waitstaff employees in violation of the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

131.     Defendants required Plaintiff to share a portion of the gratuities received with employees or managers other than tipped workers, in violation of NYLL, Article 6, § 196-d and the supporting NYDOL Regulations, including but not limited to 12 N.Y.C.R.R. § 146-2.14.

132.     By Defendants' knowing or intentional demand for, acceptance of, and/ or retention of a portion of the gratuities received by Plaintiff and the other non-exempt waitstaff employees, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting NYDOL Regulations.

133.     Due to Defendants' willful violations of the NYLL, Plaintiff and the other non-exempt waitstaff employees are entitled to recover from Defendants their unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**12.  SEVENTH CLAIM - Fair Labor Standards Act - Unpaid Minimum Wage**

134.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

135.     The FLSA and NYLL require that employers pay employees a minimum wage for all weekly hours worked up to forty.

136.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

137.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq. and the supporting federal regulations, apply to defendants.

138.    Defendants failed to pay Plaintiff the minimum wages to which they were entitled under the FLSA.

139.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

140.    As a result of defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## 13. EIGHTH CLAIM - New York Labor Law - Unpaid Minimum Wage

141.    Plaintiff repeats and reallege all foregoing paragraphs as if fully set forth herein.

142.    The NYLL requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

143.    Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiff.

144.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to defendants.

145.    Defendants failed to pay Plaintiff the minimum wages to which they were entitled under the NYLL.

146.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wage.

147.     As a result of defendants' violations of the NYLL, Plaintiff are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## 14. NINTH CLAIM – New York Labor Law – Untimely Paid Wages

148.     Plaintiff repeats every allegation of the preceding paragraphs as if fully set forth herein.

149.     Defendants are employers within the meaning of NYLL § 190, 651(6) and supporting New York Statement Department of Labor Regulations and employed Plaintiffs.

150.     Plaintiff is a "manual worker" within the meaning of NYLL § 190(4).

151.      As a manual worker, Defendants were required to pay Plaintiff "not later than seven days after the end of the week in which the wages are earned." NYLL § 191(1)(a)(i).

152.     Defendants did not pay within seven days "after the end of the week in which the wages are earned," violating NYLL § 191(1)(a)(i).

153.     Defendants did not timely pay Plaintiff for the first seven days they worked within the 14-day pay period.

154.     For violating NYLL § 191(1)(a)(i), Defendants are liable to Plaintiff for liquidated damages, interest, and attorneys' fees and expenses.

15. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

    a.   declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

    b.   declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

    c.   declare that Defendants' violations of the FLSA and NYLL were willful;

    d.   award Plaintiff unpaid overtime wages;

    e.   award Plaintiff statutory damages as a result of Defendants' failure to furnish a notice at the time of hiring or whenever there was a change in their rates of pay, in violation of the NYLL and WTPA;

    f.   award Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

    g.   reimbursement of unlawful deductions, and liquidated damages pursuant to the NYLL;

    h.   declaring that Defendants violated the frequency of pay provisions of the NYLL;

    i.   award Plaintiff pre- and post-judgment interest under the NYLL;

    j.   award Plaintiff reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

    k.   award such other and further relief as the Court deems just and proper.

16. **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: November 28, 2022                                  Signed,
                Astoria, New York

                                        By: _____ */s/ Clifford Tucker* _____
                                            Clifford Tucker
                                            Sacco & Fillas LLP
                                            31-19 Newtown Ave., 7th Floor
                                            Astoria, New York 11102
                                            Ph: 718-269-2243
                                            Ctucker@SaccoFillas.com

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**

**LIABILITY FOR SERVICES RENDERED**

TO: ME LIQUORS CORP (d/b/a "Me Liquors"), COOL JAZZ FURNITURE, INC., 1800 FURNISH INC

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited  Liability Company Law of New York, you are hereby notified that the plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of ME LIQUORS CORP (d/b/a "Me Liquors"), COOL JAZZ FURNITURE, INC., 1800 FURNISH INC for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf

Dated: Astoria, New York  
        November 28, 2022

SACCO & FILLAS, LLP

By:  */s/ Clifford Tucker*_____  
        Clifford Tucker, Esq.  
        Attorneys for Plaintiff  
        31-19 Newtown Avenue, Seventh Floor  
        Astoria, New York 11102  
        Tel: 718-269-2243  
        CTucker@SaccoFillas.com

### EMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

**TO**: ME LIQUORS CORP (d/b/a "Me Liquors"), COOL JAZZ FURNITURE, INC., 1800 FURNISH INC.

PLEASE TAKE NOTICE THAT the plaintiffs and others similarly situated as employees of the above corporation and LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation and LLC for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
        November 28, 2022

SACCO & FILLAS, LLP

By:  _/s/ Clifford Tucker_____
      Clifford Tucker, Esq.
      Attorneys for Plaintiff
      31-19 Newtown Avenue, Seventh Floor
      Astoria, New York 11102
      Tel: 718-269-2243
      CTucker@SaccoFillas.com

**CONSENT TO SUE**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act.   (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: __Jeremias_____

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _Jeremias (Oct 21, 2022 12:59 EDT)_____     Date/Fecha: _Oct 21, 2022_____