UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEREMIAS MUNOZ,

                                  Plaintiff,                  **ORDER**
          -against-                                    **22-CV-7209-SJB**

ME LIQUORS CORP., COOL JAZZ FURNITURE, INC.,
1800 FURNISH INC., MIGUEL JORGE, and MELISSA
ESTEVEZ,

                                  Defendants.
----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

        Plaintiff has moved for reconsideration of this Court's minute entry and order directing the parties to revise the pending motion for settlement approval. (Dkt. No. 25). The motion for reconsideration is denied.

        The Court reserved decision on the motion for settlement approval, (Dkt. No. 22), because the settlement agreement calculated attorney's fees on a gross, rather than a net, basis. (*See* Minute Entry & Order dated Apr. 30, 2024). In other words, plaintiff's attorney's fee was calculated by taking the total settlement ($70,000), dividing by three (resulting in $23,333.33), and then adding costs ($2,526.05), resulting in $25,859.38 being given to counsel. (Mot. for Settlement, Dkt. No. 22 at 4–5). A net calculation would take the total settlement, remove costs, divide by three ($22,491.32), and then add back in the costs, resulting in $25,017.37 being remitted to counsel. The difference between the two calculations is $842.01, a hardly insubstantial sum for an individual earning minimum wage.

        By using a gross calculation, counsel ends up earning fees off the back of costs, which is, of course, not compensable time or effort, but expenses. *K.H. ex rel. Humphrey v. Antioch Unified Sch. Dist.*, No. C 18-7716, 2020 WL 1976412, at *4 (N.D.

Cal. Apr. 25, 2020) ("[C]ounsel is not entitled to double dip and recover a further percentage of its reimbursed costs—the fee will be calculated from plaintiff's settlement amount, *net of costs*.").

      Counsel offers a number of arguments to justify its approach. None have merit.

      Counsel contends that the gross method is permitted by their retainer agreement with Plaintiff. But this is a FLSA case, subject to *Cheeks* review. *See generally Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). And any retainer agreement cannot dictate the outcome of a fee award. Counsel's "argument contradicts the overwhelming weight of authority in this Circuit. District courts in this Circuit—and at least one unreported Second Circuit case—have consistently held that they have the authority to review an attorneys-fee provision in a settlement agreement for reasonableness, regardless of whether the fee represents the share agreed upon in a contingency-fee arrangement." *Hernandez v. Boucherie LLC*, No. 18-CV-7887, 2019 WL 3765750, at *3 (S.D.N.Y. Aug. 8, 2019); *Cajero Torres v. Sushi Sushi Holdings Inc.*, No. 19-CV-2532, 2022 WL 2788655, at *23 & n.27 (S.D.N.Y. July 15, 2022) (noting retainer agreement provisions cannot evade *Cheeks* scrutiny) (collecting cases); *Hernandez v. Compass One, LLC*, No. 20-CV-7040, 2021 WL 4925561, at *3 (S.D.N.Y. Oct. 21, 2021) ("[T]here is nothing in *Fisher* [*v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020)] that suggests that where a lawyer and his client have agreed on a contingent fee, the court is relieved of its obligation to ensure that the allocation of settlement proceeds to counsel is fair and reasonable before embodying it in a court-approved settlement.").

      "[T]o the extent the agreement and accompanying letter suggested plaintiff's counsel intended to take a third of the . . . settlement award, plus costs, . . . absent

extraordinary circumstances, attorneys' fees should be awarded based on the settlement amount *net of costs.*" *Castillo v. La Tinfora Grocery Corp.*, No. 22-CV-9640, 2023 WL 7413836, at *1 (S.D.N.Y. Oct. 3, 2023) (quotations omitted). Counsel argues that this principle—that fees be awarded net of costs—is the minority position in the Southern and Eastern Districts. Not so. *See id.*; *Arsenal v. Star Nissan, Inc.*, No. 23-CV-6631, 2024 WL 1513531, at *3 (E.D.N.Y. Apr. 8, 2024) ("The Court evaluates the attorney's fees as a percentage of Plaintiff's settlement net of costs."); *Farez v. JGR Servs., Inc.*, No. 21-CV-8205, 2023 WL 8827576, at *6 n.3 (S.D.N.Y. Dec. 21, 2023) ("Courts in this District often evaluate fee requests against the net settlement amount reduced by costs claimed by Plaintiff's counsel." (quotations omitted)); *Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs.").

The cases cited by counsel fail in the most fundamental way. Cases mechanically awarding fees on a gross basis without any analysis of the approach (or even recognition that there is a difference between the two) are hardly instructive as to the propriety of the methodology. It is equally possible to find cases running the other way and calculating fees mechanically. *E.g.*, *Santamaria v. Vee Techs.*, No. 22-CV-4472, 2024 WL 3030539, at *2 (S.D.N.Y. June 17, 2024) ("The attorneys' fees represent approximately 33% of the $183,981.13 net settlement amount."). Counsel offers no principled reason that fees should be calculated on a gross basis. And, as noted, it amounts to a double-dipping.

Finally, counsel suggests that the Court is impermissibly re-writing either the settlement or the retainer agreement and thereby running afoul of *Fisher*. *See generally*

*Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020).  The Court is doing neither.  The Court is rejecting the settlement as contrary to *Cheeks* and *Fisher* because counsel seeks a fee that is not justified by the degree of success achieved in the case.  "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained."  *Id.* at 606 (quotations omitted).  Counsel's original application—which fails to cite or acknowledge *Fisher*—attempts to justify the fee on the grounds that a one-third contingency fee is generally deemed to be presumptively reasonable in a FLSA case.  To the extent that a one-third fee is appropriate, it is only because it reflects the degree of success obtained.  To be sure, counsel has obtained an important degree of success in this case.  But having failed to demonstrate anything more than some success—the original application does not, for instance, even allege the total potential recovery available to plaintiff—nothing beyond the "presumptively reasonable" fee is justified.  All that counsel has offered here for its 35% fee ($23,333.33/$67,473.93) is a series of legal arguments that have no merit.

When an agreement is rejected under the *Cheeks*, "the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it."  *Id.* at 605.  That was the option given to counsel at the prior conference, which it rejected.  It may still exercise its option to revise the agreement and do so by **July 9, 2024**.  The motion for reconsideration is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara*  June 25, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York